## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BASAVARAJ HOOLI,

        *Plaintiff*,

    v.

ADMINISTRATOR FLORIDA/ADVENTIST
HOSPITAL et al.,

        *Defendants*.

Civil Action No. 24-187 (TJK)

## <u>MEMORANDUM</u>

Basavaraj Hooli filed this action in January 2024. On February 9, 2024, he submitted two proof-of-service affidavits reflecting that he personally mailed copies of the summonses and complaint to Florida/Adventist Hospital and Karen Hood, the remaining defendants in this case. ECF No. 2 at 1, 3. In response, the Court noted that Federal Rule of Civil Procedure 4(c)(2) does not permit plaintiffs to personally serve process. Minute Order of June 3, 2024; *see also Johnson-Richardson v. Univ. of Phx.*, 334 F.R.D. 349, 353 (D.D.C. 2020) ("[E]ven if Plaintiff had timely mailed both a summons and his pleading, his attempts at effecting service were still ineffective under Rule 4(c)(2) [as he personally attempted to serve by mail]."). It thus ordered Hooli to "show cause why his proof of service . . . meets the requirements of the Federal Rules of Civil Procedure." Minute Order of June 3, 2024; *see also Butler v. Cal. State Disbursement Unit*, 990 F. Supp. 2d 8, 8–9 (D.D.C. 2013) (Jackson, J.) ("Even pro se litigants . . . must comply with the Federal Rules of Civil Procedure.").

Hooli responded to that order by filing an additional proof-of-service affidavit, which again states that he personally mailed service to the defendants. ECF No. 21 at 1. So the Court reiterated that "Rule 4(c)(2) prohibits service by" Hooli and, once more, ordered Hooli to show cause why

his service complied with Rule 4, this time warning him that failure to do so or to "file proof of service conforming with Rule 4" with an extended service deadline would result in sua sponte dismissal of his case under Rule 4(m).  Minute Order of Jan. 28, 2025.

Hooli's response to that order does neither.  First, he does not explain how his prior filings, which all claim that he personally mailed service to Defendants, comply with Rule 4.  Nor could he.  As the Court has explained to Hooli, Rule 4(c)(2) prohibits a party, like Hooli, from serving process.  Minute Order of June 3, 2024 (citing Fed. R. Civ. P. 4(c)(2)).  Yet both the first and second proof-of-service affidavits reflect that Hooli himself personally mailed process to Defendants.  ECF No. 2 at 1; ECF No. 21 at 1.  So, as the Court has already explained twice, his prior attempts to serve were improper under Rule 4.  Minute Order of June 3, 2024; Minute Order of Jan. 28, 2025.

Second, Hooli's most recent filing, which claims that process was mailed to Defendants on February 4, 2025, ECF No. 30 at 1, does not constitute "proof of service conforming with Rule 4," Minute Order of Jan. 28, 2025.  Hooli signed that document as well, implying that he again violated Rule 4(c)(2) by personally mailing process.  ECF No. 30 at 1; Fed. R. Civ. P. 4(l)(1) (noting that a proof-of-service affidavit must be signed *by the process server*).  Indeed, nothing in the record suggests that anyone other than Hooli ever mailed process to Defendants.  So Defendants have not been served in compliance with Rule 4(c)(2), either before the initial 90-day service deadline or the extended deadline that ended on February 11, 2025.  *See* Fed. R. Civ. P. 4(m); Minute Order of Jan. 28, 2025.

Faced with this, the Court has two options: dismiss the case or grant *another* extension.  Fed. R. Civ. P. 4(m); *Morrissey v. Mayorka*s, 17 F.4th 1150, 1162 (D.C. Cir. 2021).  The Court declines to give Hooli another bite at the apple.  It has twice explained that Hooli's attempts to

personally mail service to Defendants are barred by Rule 4(c)(2).  Minute Order of June 3, 2024;

Minute Order of Jan. 28, 2025.  To the extent he continues to misunderstand the rule, that is not

good cause.  In fact, as the D.C. Circuit has explained, "misread[ing] or ignor[ing]" a Rule is "the

antithesis of good cause."  *Morrissey*, 17 F.4th at 1159.  Thus, in light of the Court's prior extension

of Hooli's service deadline and its express warning that failure to properly effect and prove service

would result in dismissal, Minute Order of Jan. 28, 2025, the Court declines to grant another ex-

tension absent a showing of good cause.

Accordingly, the Court will sua sponte dismiss Hooli's First Amended Complaint, and the

case, without prejudice.  *See* Fed. R. Civ. P. 4(m).  Because this dismissal is without prejudice,

Hooli is free to file another lawsuit to pursue his claims should he so choose.[1]

A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 12, 2025

---

[1] The Court notes, however, that all Hooli's claims appear to stem from services he alleg-
edly rendered in 2003.  ECF No. 15 at 2.  Thus, it is likely that the statute of limitations to bring
these claims expired long ago.  For that reason, the Court has no reason to believe that this dismis-
sal will have any impact on the statute of limitations for his claims.